UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE G. PUENTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PENSCO COMPANY LLC,<br><br>　　　　Defendant. | Case No. 15-cv-02292-WHO<br><br>**ORDER DENYING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 5 |

　　　　Plaintiff Desiree G. Puente filed an ex parte application for a temporary restraining order on May 21, 2015, requesting that I enjoin and restrain defendant PENSCO Company LLC ("Pensco") from conducting a Trustee's Sale of the real property located at 4305 Elk Drive, Antioch, California 94531. *See* Dkt. No. 5. In response, Pensco argues that there is no federal jurisdiction in this case, that Pensco is not a real party interest and that Puente failed to join the necessary parties, and that Puente cannot prevail on the merits because she has not tendered the amount she claims that she owes. *See* Dkt. No. 10.

　　　　Courts will only grant a temporary restraining order "where a plaintiff shows either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor." *DHL Worldwide Network N.V./S.A. v. Tradebeam, Inc.*, No. C04 5499 FMS, 2005 WL 196529, at *1 (N.D. Cal. Jan. 28, 2005) (internal citations and quotations omitted).

　　　　Here, Puente has not demonstrated a likelihood of success on the merits, or that serious questions are raised. She has not joined Terrence Macken or Jane Macken as a party to this action, even though the causes of action arise from a promise made by Terrence Macken to accept half of

the amount due on Puente's loan.[1]  Dkt. No. 5. at 2-3.  Nor has she explained how Pensco is liable for the actions of Terrence Macken.

Importantly, Puente has not alleged that she has tendered the amount that she claims she owes on the loan.  *See Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1197 (E.D. Cal. 2013) ("A defaulted borrower is required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure.") (internal citations and quotations omitted).  She also has not provided any documentation to support her claim that Terrence Macken agreed to accept less than the full amount she owed.

Finally, it appears that this Court does not have jurisdiction over the matter.  Puente claims that there is diversity jurisdiction because the amount in dispute is over $75,000.00, because she is a California resident, and because Pensco "was a New Hampshire limited liability company doing business as Pensco Trust Company and transacted business in the County of Contra Costa."  Dkt. No. 1 at 1.  But Pensco claims, and submitted a supporting declaration stating, that its headquarters and principal place of business are in California.  Dkt. No. 10 at 2; Dkt. No. 10-1 at 1-2.

For the above reasons, Plaintiff Puente has not established a likelihood of success on the merits of her claim, and her application for a temporary restraining order is DENIED.

**IT IS SO ORDERED**.

Dated:  May 26, 2015

WILLIAM H. ORRICK
United States District Judge

---

[1] According to Pensco, Mr. Macken is deceased and Mrs. Jane Macken received a distribution of assets from his IRA to her IRA, including the note from Puente secured by the deed of trust.  Dkt. No. 10 at 3-4.